# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| ALONZO GAY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 7:25-CV-108 (LAG) |
| : | |
| GEORGIA DEPARTMENT OF : | |
| CORRECTIONS, et al, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

Before the Court are the Parties' Joint Motion to Enter Protective Order (Doc. 15) and Joint Motion to Enter Qualified HIPAA Protective Order (Doc. 16). Therein, the Parties ask the Court to enter a protective order to protect "confidential information" (Doc. 15 at 1) and a protective order to protect "health information" (Doc. 16 at 1). The parties represent that entry of these protective orders "in no way affects this Court's ultimate decision on whether certain materials may be admissible later in the public record during trial." (Doc. 15 at 2; Doc. 16 at 2).

Under Federal Rule of Civil Procedure 26(c), the Court may enter a protective order upon finding good cause. Stipulated protective orders have become "commonplace in the federal courts" to allow the parties "to designate particular documents as confidential . . . and postpone[] the necessary 'good cause' required for entry of a protective order until the confidential designation is challenged." *Chicago Trib. Co. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). Accordingly, the Court finds these protective orders are warranted to facilitate discovery. The Parties' Joint Motions (Doc. 15, 16) are **GRANTED**, and the Parties' proposed Confidentiality Agreement and Protective Order (Doc. 15-1) and

Stipulated Qualified HIPPA Protective Order (Doc. 16-1) are hereby **ADOPTED** and made the **ORDER** of the Court.

**SO ORDERED**, this 17th day of October, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**